UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JERMAINE W.,

        Plaintiff,

v.

MARTIN J. O'MALLEY, Commissioner
of Social Security Administration,

        Defendant.

Case No. 22-CV-2962 (PJS/TNL)

ORDER

        James H. Greeman, GREEMAN TOOMEY; Bryan Konoski, KONOSKI & PARTNERS PC, for plaintiff Jermaine W.

        Ana H. Voss, UNITED STATES ATTORNEY'S OFFICE; James Potter, James D. Sides, and Sophie Doroba, SOCIAL SECURITY ADMINISTRATION, for defendant Martin J. O'Malley.[1]

        In this lawsuit, plaintiff Jermaine W. challenges the Social Security Administration's denial of his application for disability benefits. Now before the Court are the parties' cross-motions for judgment on the administrative record. For the reasons that follow, defendant Martin J. O'Malley's ("the Commissioner's") motion is granted, and Jermaine's motion is denied.

---

[1] Martin J. O'Malley became the Commissioner of Social Security on December 20, 2023. *Press Release*, Social Security Administration, *available at* https://www.ssa.gov/news/press/releases/2023/#12-2023-2 [*archived at* https://perma.cc/2FF2-GV8T]. As the successor to former defendant Kilolo Kijakazi, O'Malley is "automatically substituted as a party." Fed. R. Civ. P. 25(d).

1

I.  BACKGROUND

Jermaine filed an application for disability benefits in December 2019.  Admin. Rec. [ECF No. 16] at 252–57.  His application alleged that he became disabled on January 1, 1990[2]—when he was 15 years old—as a result of depression, anxiety, post-traumatic stress disorder ("PTSD"), learning disabilites, and attention deficit hyperactivity disorder ("ADHD").  *Id.* at 252, 268.

An individual is deemed to be disabled and entitled to receive Social Security disability benefits if he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  An individual is deemed to be disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  *Id.* § 1382c(a)(3)(B).  "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or

---

[2] This is Jermaine's third application for disability benefits.  In his first application, Jermaine alleged that he became disabled in 2012.  Admin. Rec. at 104.  In his second application, Jermaine alleged that he became disabled in 2016.  *Id.* at 123.  As noted, Jermaine now alleges that he became disabled in 1990.  The Commissioner denied both of Jermaine's prior applications.  *Id.* at 114, 135.

2

psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). At step one, the claimant must establish that he is not engaged in any "substantial gainful activity." *Id.* § 416.920(a)(4)(i). If he is not, the process moves to step two. At step two, the claimant must establish that he has a severe medically determinable impairment or combination of impairments. *Id.* § 416.920(a)(4)(ii). If he does, the Commissioner must, at step three, find that the claimant is disabled if his impairment meets or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1. *Id.* § 416.920(a)(4)(iii). If the claimant's impairment does not meet or is not medically equal to one of the listings, the process moves to step four.

At step four, the claimant bears the burden of establishing his residual functional capacity ("RFC") and proving that, in light of his RFC, he cannot perform any past relevant work. *Id.* § 416.920(a)(4)(iv); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). If the claimant proves that he is unable to perform any past relevant work, the process moves to step five. At step five, the Commissioner has the burden to establish that the claimant can perform other work existing in a significant number of jobs in the national economy. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the claimant can

perform such work, the Commissioner will find that the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

Jermaine's application for benefits was denied and then denied again on reconsideration. Admin. Rec. at 181, 189. In March 2021, at Jermaine's request, an ALJ held a hearing on the application. Jermaine testified at the hearing and was represented by an attorney. *Id.* at 56–100.

Following the hearing, the ALJ determined that Jermaine had multiple severe impairments, including major depressive disorder, generalized anxiety disorder, and intellectual disorder. *Id.* at 27. The ALJ found, however, that the impairments did not meet or medically equal any listed impairments. *Id.* at 29–39. The ALJ determined that Jermaine had the capacity for work at all exertional levels except that he could perform only routine, repetitive tasks, and these tasks had to be fixed and predictable from day to day. *Id.* at 39. The ALJ concluded that there were jobs meeting these restrictions that Jermaine could perform in the national economy. *Id.* at 48–49. The ALJ thus determined that Jermaine was not disabled. *Id.* at 50. The Appeals Council denied Jermaine's request for review of the ALJ's decision, and this lawsuit followed. *See* 42 U.S.C. § 405(g) (providing for judicial review of final decisions of the Commissioner of the Social Security Administration).

## II.  ANALYSIS

### A.  Standard of Review

The Court's review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).  "Substantial evidence . . . is more than a mere scintilla."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (citation omitted).  This "threshold . . . is not high."  *Id.*  "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision."  *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012) (cleaned up).

### B.  Challenge to RFC

Jermaine argues that the ALJ's determination is not supported by substantial evidence because the ALJ failed to properly evaluate the neuropsychological report of a medical expert.

The report at issue stems from a one-time psychological evaluation performed in April 2014 by Michael L. Richardson, MS, LP, and submitted in support of one of Jermaine's previous disability-benefits applications.  Admin. Rec. at 354–58.  In the concluding paragraph of the report, Richardson offered two opinions:  first, that

5

"Jermaine has complex cognitive, mental health and chemical health problems;" and second, that "Jermaine is not competitively employable and is a vulnerable adult." *Id.* at 358. The ALJ noted the existence of this report, but determined that it was not relevant to the time period at issue—November 2019 to September 2021—except for historical reference to Jermaine's IQ and other testing results. For that reason, the ALJ found that the report was "not persuasive for this current application and time period." *Id.* at 47. Jermaine asserts that the ALJ failed to fully evaluate Richardson's report, and that this failure warrants reversal and remand.

The regulations require an ALJ to evaluate medical opinions using several factors, including "(1) whether [the opinions] are supported by objective medical evidence, [and] (2) whether they are consistent with other medical sources." *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)). The regulations further provide that the ALJ "will articulate in [the] determination or decision how persuasive [the ALJ] find[s] all of the medical opinions and all of the prior administrative medical findings in [the applicant's] case record." 20 C.F.R. § 404.1520c(b).

According to Jermaine, these regulations require the ALJ to explicitly analyze the supportability and consistency of all medical opinions in the record, no matter when offered. Jermaine relies entirely on a single unpublished district-court decision from outside the Eighth Circuit for his argument that an ALJ's failure to do so is legal error

6

requiring remand.  Pl.'s Supp. Mem. [ECF No. 20] at 11 (citing *Geretha R.R. v. Berryhill*, No. 2:17-CV-01474-TLF, 2018 WL 6522025 (W.D. Wash. Dec. 11, 2018)).

In *Geretha*, the ALJ had declined to address an opinion from the claimant's treating physician that had been provided in the claimant's prior disability-benefits proceeding; instead, the ALJ had merely referred to the limited weight that the prior decision had given to that opinion.  *Geretha*, 2018 WL 6522025, at *3.  Noting that the regulations prohibited an ALJ from "reject[ing] 'significant probative evidence' without explanation," the *Geretha* court found that the ALJ's failure to address the treating physician's opinion was legal error requiring remand.  *Id.* at *2–4 (quoting *Flores v. Shalala*, 49 F.3d 562, 570–71 (9th Cir. 1995)).

As the Commissioner points out, however, the *Geretha* decision involved now-superseded regulations that required an ALJ to give the opinions of treating medical providers controlling weight in the disability determination.  Because of that controlling-weight requirement, the ALJ was obliged to "'always give good reasons' for the particular weight given to a treating physician's evaluation."  *Prosch v. Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000) (quoting 20 C.F.R § 404.1527, titled "Evaluating opinion evidence for claims filed before March 27, 2017").  The *Geretha* court thus determined that it was error for the ALJ to fail to provide those reasons with respect to opinions offered by the claimant's treating physician.  *Geretha*, 2018 WL 6522025, at *3.

Unlike the regulations that applied in *Geretha*, the current regulations do not require the ALJ to give controlling weight to *any* medical opinion in the record. And while the current regulations require the ALJ to consider all evidence in the record, the ALJ is not "required to discuss every piece of evidence in the ongoing disability proceeding, so long as the record shows she considered all of the evidence." *Arterberry v. Berryhill*, 743 F. App'x 227, 230 (10th Cir. 2018). Indeed, because the opinions of Richardson related to a period long before the period at issue, "the ALJ could have declined to consider [that] opinion" altogether. *John F.D. v. Saul*, No. CV 19-2299-JWL, 2020 WL 2084887, at *3 (D. Kan. Apr. 30, 2020).

The ALJ here did not decline to consider Richardson's opinion. To the contrary, she examined the opinion and determined (for good reason) that it had little persuasive value. Admin. Rec. at 47. The ALJ's extensive discussion of Jermaine's medical records establishes that she carefully considered all relevant evidence in determining that Jermaine was not disabled. *Id.* at 28–47. The ALJ's conclusion is not the product of legal error and is supported by substantial evidence in the record as a whole.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion [ECF No. 20] is DENIED.

2. Defendant's motion [ECF No. 23] is GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  January 10, 2024                             s/Patrick J. Schiltz
                                                     Patrick J. Schiltz, Chief Judge
                                                     United States District Court

9